AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 14 2006

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

# UNITED STATES DISTRICT COURT

__EASTERN__ District of __ARKANSAS__

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | |
| CHESTER CLINTON BAIRD | Case Number: 4:05CR00224-01 JLH |
| | USM Number: 23825-009 |
| | KENT J. RUBENS |
| | Defendant's Attorney |

## THE DEFENDANT:

**X** pleaded guilty to count(s)  __Count 1 of Information__

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. § 1956(h) | Conspiracy to commit money laundering, a Class C felony | 12/31/2001 | 1 |

The defendant is sentenced as provided in pages 2 through __5__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) __N/A__ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

July 14, 2006
Date of Imposition of Judgment

_/s/ J. Leon Holmes_
Signature of Judge

J. LEON HOLMES, UNITED STATES DISTRICT JUDGE
Name and Title of Judge

July 14, 2006
Date

AO 245B  (Rev. 06/05) Judgment in a Criminal Case
Sheet 4—Probation

Judgment—Page __2__ of __5__

DEFENDANT: CHESTER CLINTON BAIRD
CASE NUMBER: 4:05CR00224-01 JLH

## PROBATION

The defendant is hereby sentenced to probation for a term of :

### three (3) years probation with the first six (6) months in home detention

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

- **X** The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- **X** The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- **X** The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
Sheet 4B — Probation

Judgment—Page __3__ of __5__

DEFENDANT: CHESTER CLINTON BAIRD
CASE NUMBER: 4:05CR00224-01 JLH

## ADDITIONAL STANDARD CONDITIONS OF SUPERVISION

14) The defendant must participate in mental health counseling under the guidance and supervision of the U. S. Probation office.

15) The defendant must disclose financial information upon request of the U. S. Probation office, including, but not limited to, loans, lines of credit, and tax returns. This also includes records of any business with which the defendant is associated. No new lines of credit will be established without prior approval of the U. S. Probation office.

16) The defendant is prohibited from obtaining employment by any federally insured depository institution, except with the prior written consent of the FDIC, or any insured credit union, as applicable.

17) The defendant will be placed in home detention for the first six months of probation with the use of electronic monitoring. Costs associated with electronic monitoring will be paid by the defendant.

18) The defendant is not a legal resident of this district. The defendant's probation is to be administered by the district where the defendant is a legal resident or the district where a suitable supervision plan has been developed.

AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

|  |  |
|---|---|
| DEFENDANT: | CHESTER CLINTON BAIRD |
| CASE NUMBER: | 4:05CR00224-01 JLH |

Judgment — Page __4__ of __5__

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 7,500.00 | $ 0 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |
| **TOTALS** | $ 0 | $ 0 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the ☐ fine ☐ restitution.

    ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page 5 of 5

DEFENDANT:      CHESTER CLINTON BAIRD
CASE NUMBER:    4:05CR00224-01 JLH

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  ☐  Lump sum payment of $ _____ due immediately, balance due

   ☐  not later than _____ , or
   ☐  in accordance   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  X  Special instructions regarding the payment of criminal monetary penalties:

   **$7,500.00 fine due within 30 days of entry of judgment.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

X  The defendant shall pay the following court cost(s):   **PARTIAL COST OF PROSECUTION - $42,000 (PREVIOUSLY PAID)**

X  The defendant shall forfeit the defendant's interest in the following property to the United States:
   **SEE ATTACHED PRELIMINARY ORDER OF FORFEITURE**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JUL 1 1 2006
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA

v.                          No. 4:05CR00224 JLH

CHESTER CLINTON (C.C.) BAIRD, JR., AND
PATSY M. BAIRD

PRELIMINARY ORDER OF FORFEITURE
Fed.R.Crim.P. 32.2(b)

IT IS HEREBY ORDERED THAT:

1. As the result of guilty pleas to Counts One and Two of an Information, and a stipulation of the defendants, Chester Clinton (C.C.) Baird, Jr., aka C.C. Baird and Chester C. Baird Jr., and Patsy M. Baird, aka Patsy Baird, in which they agreed to the forfeiture the Government sought pursuant to 18 U.S.C. § 982(a)(1), defendants shall forfeit to the United States:

a. All property involved in any manner or part of the commission of offenses involving 18 U.S.C. § 1956.

2. The Court has determined, based on the evidence already in the record that the following property is subject to forfeiture pursuant to 18 U.S.C. § 1956 and that the government has established the requisite nexus between such property and such offenses:

**U. S. Currency**

$200,000.00

**Real Property**

The Northwest Fractional Quarter (left bank of Spring River) of Section 31, Township 19 North, Range 3 West 124 acres, more or less, **LESS AND EXCEPT THE FOLLOWING TRACT:** A part of the North Half of Section 31, Township 19 North, Range 3 West, being more particularly described as follows: Starting at the West 1/16th corner between Sections 30 and 31; thence South along line 13 chains, 18 1/4 links to the point of beginning; thence East 20 chains to the East side of the NE1/4 NW1/4; thence South along forty line 6 chains, 81 3/4 links, (150 yards) to the Southeast corner of the NE1/4 NW1/4; then East along South side of NW1/4 NE1/4, 17 chains to Martin's Creek; thence South 30 degrees 24 minutes East along said creek 7 chains 48 links to North side of St. Louis-San Francisco railroad right of way; thence along fence North 83 degrees 20 minutes West, 10 chains and 24 links; thence continuing around curve North 88 degrees West 21 chains 50 links; thence with fence South and West 14 chains; thence continuing along fence south 51 degrees 33 minutes West 21 chains 50 links to a point 50 feet East of Road crossing railroad right of way; thence North 3 chains 53 links to South side of Highway Number 62 and 63 as now located; thence North 48 degrees and 46 minutes East 2 chains and 11 links; thence continuing along East side of Highway North 39 degrees 15 minutes East 4 chains 3 links; thence North 10 degrees 11 minutes East 9 chains 88 3/4 links; thence East 3 chains to point of beginning containing 46.51 acres, more or less.

The South Half of the Northwest Quarter; the North Half of the Southwest Quarter of Section 9, Township 19 North, Range 3 West, less and except the following described land: Beginning at the Northwest corner of the Southwest Quarter of the Northwest Quarter of said section Nine (iron stake) thence South along said quarter section line 495 feet; thence East 495 feet thence North 495 feet to the quarter section line; thence West along quarter section line back to the point of beginning, said exception containing 5 acres, more or less, and containing in the aggregate 155 acres, more or less.

The Southeast quarter (SE1/4), 165.4 acres; the Southwest quarter (SW1/4) of the Northeast quarter (NE1/4) 41.3 acres; and that part of the Southeast quarter (SE1/4) of the Northeast quarter (NE1/4) (37.7 acres) lying West of Martins Creek containing in the aggregate Two hundred forty-four and four tenths acres (244.4 acres) all lying in Section Eight (8), Township Nineteen (19), North, Range Three (3) West.

The E1/2 of the SW1/4 of Section 8;

Part of the NE1/4 of the NE1/4 of Section 17, more particularly
described as being all that part of forty lying West of the
County Road, containing approximately 2 acres;
Part of the NW1/4 of the NE1/4 of Section 17, more particularly
described as follows:
Beginning at the Northeast Corner of said Quarter;
thence South on Forty line to where County Road intersects said
line;
thence with meandering of County Road to a point approximately 20
rods from the South Line of said forty, and also to a private
road;
thence with meandering of said private road to the West Line of
said forty to a point approximately 25 rods from the South
Line of said forty;
thence North with West forty line to where Martin's Creek inter-
sects said line;
thence Northeast with meandering of Martin's Creek to North Line;
thence East to point of beginning, containing approximately 13
acres, more or less; and
Part of the NE1/4 of the NW1/4 and
Part of the NW1/4 of the NE1/4 of Section 17, described as all
that part of said forty acre tracts lying on the West Side of
Martin's Creek, containing 25 acres, more or less, all the above
described land in Township 19 North, Range 3 West.

East Half Northeast Fractional Quarter, Section 36, Township 19
North, Range 4 West, except 50 acres off the West Side of said
tract in the form of a parallelogram.

The North Half of Section 31, Township 19 North, Range 3 West and
the East Half of Section 36, Township 19 North, Range 4 West,
described as being all that land lying West of Martin's Creek,
North of Spring River, East of a creek known as Garner Creek and
South of the St. Louis-San Francisco Railroad. **ALSO**: a part of
Northeast Fractional Quarter, Section 31, Township 19 North,
Range 3 West, more particularly described as follows: Beginning
at the mouth of Martin's Creek; thence West with meandering of
Spring River to West line of said Northeast Fractional Quarter;
thence North to South line of right-of-way of St. Louis-San
Francisco Railroad as now located; thence East with said right-
of-way to West side of Martin's Creek; thence South to beginning
point, (left bank of river).

Commencing at the Northeast corner of the Northwest Quarter of
the Southeast Quarter of Section 36, Township 19 North, Range 4
West; thence Northerly along the East line of said Southwest

-3-

Quarter of the Northeast Quarter a distance of 163.5 feet to a point on the Southerly right-of-way line of Frisco Railway Company (said right of way being 220 feet in width, that is to say 100 feet on South and 120 feet on the North of said Railway Company's main tract center line as same is located and constructed as o January 20, 1972); thence Southwesterly along said South railway Company's right-of-way 1198 feet to point of beginning; thence Southeasterly at right angles a distance of 40 feet; thence Southwesterly at right angles a distance of 120 feet; thence Northwesterly at right angles a distance of 90 feet to a point 50 feet perpendicularly distant in a Southerly direction from said Railway Company's main tract center line; thence Northeasterly at right angles a distance of 120 feet; thence Southeasterly at right angles 50 feet to point of beginning. Contains 0.25 acre. Subject to easements and other restrictions of record.

The Southwest Quarter of the Southwest Quarter of Section 30, Township 19 North, Range 3 West, **LESS AND EXCEPT THE FOLLOWING:** a Part of the SW 1/4 SW 1/4 of Section 30, Township 19 North, Range 3 West, described as follows: Beginning at NE corner of SW1/4 SW1/4 of said Section, township and range, thence South 330 feet; thence West 100 feet to State Hwy. #58; thence meandering with said Hwy. No. #58, 330 feet; thence East 60 feet to point of beginning.

The Southeast quarter, Southeast quarter (SE 1/4 SE 1/4), Section 25, Township 19 North, Range 4 West

A TRACT OF LAND LOCATED IN THE East Half of Section 36, Township 19 North, Range 4 West, being more particularly described as follows: Starting at the centerline of the Frisco-Railroad and the center of railroad bridge No. 386 at Williford, Arkansas, and going South 39º East for 50 feet to the Southeast Right-of-way line of said railroad for the point of beginning in center of creek ditch; thence meandering down said creek South 66 1/2º East for 85.1 feet; thence South 52 1/2º East for 391 feet; thence South 55º East for 477 feet; thence South 86º 45' East for 632 feet; thence South 84 1/4º East for 59.5 feet to the intersection of creek and Spring River; thence meanders down center of Spring River North 56º 45' East for 160 feet; thence North 40 1/2º East for 663 feet; thence North 65º 50' East for 522 feet; thence North 39 1/4º East for 102.8 feet to the East line of Section 36; thence North along said East line for 496 feet to the Northeast corner of the NE1/4 SE1/4 of Section 36; thence West along North line of said NE1/4 SE1/4 for 1,382 feet to the Northwest corner of said NE1/4 SE1/4; thence North 9 1/2º East along fence for 155 feet to the Southeast Right-of-way line the Frisco Railroad being

-4-

100 feet off the centerline of said railroad at this point; thence South 51º West along said right-of-way line for 1,301.25 feet; thence North 39º West for 50 feet to the right-of-way line being 50 feet off the centerline of said railroad at this point; thence South 51º West for 120 feet along said right-of-way back to the point of beginning. This tract of land containing 49.43 acres, more or less.

3. Upon the entry of this Order, the United States Attorney General (or a designee) is authorized to seize the above listed property and to conduct any discovery proper in identifying, locating, or disposing of the property subject to forfeiture, in accordance with Fed.R.Crim.P. 32.2(b)(3).

4. Upon entry of this Order, the United States Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

5. The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the United States Attorney General (or a designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property.

6. Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest

in the Subject Property, and for an amendment of the order of forfeiture, pursuant to Title 21 U.S.C. §853(n)(2).

7. Pursuant to Fed.R.Crim.P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed.R.Crim.P. 32.2(c)(2).

8. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

9. After the disposition of any motion filed under Fed.R.Crim.P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period

provided in 21 U.S.C. 853(n)(2) for the filing of third party petitions.

11. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2(e).

SO ORDERED this _11_ day of July, 2006.

_____
UNITED STATES DISTRICT JUDGE

APPROVED:

DATED: _7-7-06_

_____
LINDA B. LIPE
Assistant U. S. Attorney

DATED: _7/10/06_

_____
KENT J. RUBENS
Attorney at Law

DATED: _7/10/06_

_____
TOM THOMPSON
Attorney at Law

-7-